UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELANIE A. DEVOLDER,

        Plaintiff,                              Case No. 14-cv-10624

v.                                               Honorable Thomas L. Ludington

RICHARD L. LEE Jr.

and

MATHIEU & LEE ATTORNEYS, PLC,
jointly and severally,

        Defendants.

_____/

**ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO DISQUALIFY**

On June 6, 2014 Plaintiff filed a motion to disqualify the undersigned from further participating in the instant matter because Mr. Mathieu's wife Linda, was retained by the United States District Court's Historical Society to work on a graphic project. She was retained at the undersigned's recommendation after having successfully performed similar services for the Midland County Circuit Court where the undersigned was previously employed. Those services were performed in 2002.

Ms. DeVolder contends that this association, when considered in the context of her fragile mental and emotional state provides grounds for recusal. Plaintiff, however, has not shown how this association creates a "personal bias" rising to the level requiring disqualification and has not presented either compelling facts or law overriding the judicial duty to address an assigned case absent appropriate circumstances for recusal.

**I.**

Melanie DeVolder brought this legal malpractice action against Richard Lee as well as Mathieu & Lee Attorneys, PLC, jointly and severally. Defendant Richard L. Lee, Jr. provided legal services to Ms. DeVolder from approximately August 13, 2009 – June 29, 2012 (ECF No. 1 ¶ 7, 10) and Ms. DeVolder believes the Defendants performed in a substandard manner while representing her during her divorce that was finalized in October 2011 (ECF No. 1 ¶ 9). On March 4, 2014, the Defendants filed a Motion to Dismiss (ECF No. 6) which has not received the Court's attention due to the attention required to the motion to disqualify.

The Plaintiff filed a motion for disqualification on June 6, 2014 after receiving a letter from the undersigned dated May 22, 2014 (ECF No. 10-1). The letter read as follows:

Dear Mr. Janks:

I began reading the bench memorandum prepared by our law clerk related to the defendants' motion to dismiss in the above case. Defendant Lee is associated with Mr. James Mathieu, an equity partner in Defendant Mathieu and Lee Attorneys, PLC. I am familiar with both gentlemen, as with hundreds of other attorneys. I have had very little contact with either of them in the past seven years since I began my service on the federal bench in Bay City.

When I was on the state bench the court retained Mr. Mathieu's spouse Linda in 2002 to assist us on a graphic project for the court. She was managing the Northwood Gallery in Midland and was of great assistance. About a year ago, the U.S. District Court Historical Society retained Linda at my suggestion to assist the District Court in the development of a graphic project for the U.S. District Court in Bay City. The project was installed about a week ago and we are wrapping up the final details.

I have satisfied myself that there is no judicial ethical obligation impeding my attention to this case and most immediately the Defendants' motion. The question of disqualification however is for you and your client to consider and I wanted you to be aware of this information. *Id.*

Approximately two weeks after receiving this letter, Plaintiff filed the motion to disqualify (ECF No. 10). In the motion, the Plaintiff argued that this Court's impartiality might

reasonably be questioned due to the association with Mrs. Mathieu. Further, the motion posits that Ms. DeVolder's mental and emotional state should also be considered in evaluating the merits of disqualification. *Id.* Defense Counsel responded to the motion to disqualify on June 20, 2014 (ECF No. 12). In their response, the Defendants stated that the Plaintiff's arguments regarding disqualification seemed without merit, but ultimately concluded that "the discretion ultimately lies with this Court" (ECF No. 12, p 10-11). The undersigned would note that the graphic project has been completed. Additionally, a hearing was held in open court regarding this issue on July 8, 2014 and Plaintiff's counsel was provided an opportunity to ask any questions and/or address any issues he wished.

## II.

### A.

The question before the Court in the instant matter is governed by 28 U.S.C. § 455 which addresses disqualifications of justices, judges, or magistrate judges. The pertinent part of the statute reads as follows:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

### B.

When confronted with a motion to recuse under 28 U.S.C. § 455, a district court judge is directed to address the following inquiry: "Would a reasonable person knowing all the relevant facts question the impartiality of the judge?" *Reed v. Rhodes,* 179 F.3d 453, 467 (6th Cir.1999). *Also See Roberts v. Blair,* 625 F.2d 125, 129 (6th Cir.1980). The logical extension of this inquiry

is that if the answer to this question is yes, district court judges should recuse themselves. This is an objective standard and does not concern itself with the reality of bias, but rather the appearance of it. *Liteky v. US,* 510 US 540, 548 (1994). The objective standard is used in answering this question because it is a crucial part of successfully executing the intent of the statute, since "the goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988). The Court in *Liljeberg* continues that disqualification "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew" [of these facts]. *Id.*

### C.

Prior to 1974, a judge presiding over a case who did not have a personal interest in the outcome was required to withdraw if "in his opinion" it would be improper to sit. *Little Rock School Dist. v. Arkansas State Bd. of Educ.,* 902 F.2d 1289, 1290 (8th Cir.1990). Before the adaptation of the 1974 amendments to 28 U.S.C. § 455, judges had what was known as a "duty to sit." This duty was replaced by the objective standard. *Id.*

While the statute does impose a duty on judges to recuse where adequate grounds exist, there is a corresponding duty not to do so if a justification for recusal has not been shown. *In re Haas,* 292 B.R. 167, 176 (S.D.Ohio 2003). Furthermore, the Supreme Court has also noted that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum,* 409 U.S. 824, 837 (1972).

### D.

Disqualifications under 28 U.S.C. § 455 "must be predicated upon extrajudicial conduct rather than judicial conduct; and upon a personal bias as distinguished from a judicial one,

arising out of the judge's background and associations and not from the judge's view of the law." *Reed v. Rhodes,* 179 F.3d 453, 468 (6th Cir.1999) *quoting Green v. Nevers,* 111 F.3d 1295, 1303-04 (6th Cir.1997).

As the Sixth Circuit discussed in *Reed,* the bias must be "personal or extrajudicial." *U.S. v. Hartsel,* 199 F.3d 812, 820 (6th Cir.1999). The Sixth Circuit elaborated on this and defined personal bias as "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations." *Id.* This bias exists if it "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id quoting U.S. v. Grinnell Corp.,* 384 U.S. 563, 583 (1966).

The Supreme Court has given some guidance on when recusal is appropriate by holding that judges should disqualify themselves if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky* at 555. In this instance there is subjectively neither deep-seated favoritism nor antagonism toward either of the litigants and no objective evidence of either. The association with Mrs. Mathieu was a passing and indirect professional relationship that is at an end.

### E.

Plaintiff contends however, that her unique psychological problems should be considered when evaluating § 455. Ms. DeVolder claims that she suffers from Post-Traumatic Stress Disorder (PTSD) due to the trauma inflicted upon her by her former husband and that this condition was exacerbated by the professional negligence of the Defendants in the underlying divorce matter. (ECF No. 10, p 7-8). She cites an order from the Northern District of Ohio regarding § 455 that arguably, applies this standard. The language in the Ohio court's order

altered the standard from the "fictitious reasonable man" to the "reasonable interested person." *Roberts v. Ace Hardware,* 515 F.Supp. 29, 31 (N.D. Ohio 1981).

The order further posited that "even though a disinterested person might not be reasonable in questioning the judge's impartiality, the test of what is reasonable for a very much interested person must necessarily be very much different. The question of reasonableness ought to be approached from the viewpoint of the party to the action, not of that famous fictitious character, the reasonable man." *Id.* A review of case law, however, does not reflect a single instance of another court adopting this standard.

Courts have been quite clear to the contrary in suggesting that "unsupported, irrational, or highly tenuous speculation" is not adequate grounds for recusal. *In re United States,* 666 F.2d 690, 694 (1st Cir.1981). If judges were to disqualify themselves in circumstances where the allegations of bias were tenuous or irrational, the end result for all intents and purposes would be to give litigants the ability to "exercise a negative veto over the assignment of judges." *Id.*

**F.**

Recommending Mrs. Mathieu to assist the District Court with the graphic project is an act consistent with my duties as a judge/public official and did not provide me with any personal economic benefit.

Since recommending Mrs. Mathieu was closely related to my role as the sole District Court Judge in Bay City, the act was part of a ministerial duty, not a private business relationship. Thus, there is no extrajudicial contact creating the personal bias that 28 U.S.C. § 455 forbids since the Sixth Circuit has concluded that ministerial communications and actions that do not pertain to the parties as adversaries are not grounds for disqualification. *Reed* at 469.

## III.

Accordingly, it is **ORDERED** that the Plaintiff's Motion for Disqualification (ECF No. 10) is **DENIED.**

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: August 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---